Filed 6/12/23 P. v. Richardson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>LAJOHN RICHARDSON,<br><br>　　　Defendant and Appellant. | F084853<br><br>(Super. Ct. No. F15906108)<br><br><br>**OPINION** |

### THE COURT\*

APPEAL from an order of the Superior Court of Fresno County. Timothy A. Kams, Judge.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Erin Doering, Lewis A. Martinez and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*　　　Before Hill, P. J., Franson, J. and Snauffer, J.

# INTRODUCTION

In 2016, defendant LaJohn Richardson pled guilty to assault with a semiautomatic firearm (Pen. Code,[1] § 245, subd. (b), count 2)[2] and admitted personal use of a firearm (§ 12022.5, subd. (a)), great bodily injury (§ 12022.7, subd. (a)), and gang enhancements (§ 186.22, subd. (b)(1)). The trial court subsequently sentenced defendant to a total aggregate term of 20 years.

In 2022, defendant filed a petition for resentencing pursuant to former section 1170.95 (now § 1172.6).[3] The trial court summarily denied the petition because defendant was convicted of assault with a semiautomatic firearm, which is not one of the eligible offenses specified in section 1172.6.

On appeal, defendant contends that although he pled to an assault with a semiautomatic firearm charge, he is nevertheless entitled to section 1172.6 resentencing relief because he entered his plea to avoid a potential attempted murder conviction and that the plain language and legislative intent behind the statute supports relief for individuals who pled to lesser charges when they were originally charged with murder, attempted murder, or manslaughter. Further, defendant contends that excluding individuals from section 1172.6 relief who were not convicted for murder, attempted murder, or manslaughter, but rather pled to a lesser offense in lieu of a homicide offense violates his constitutional rights to equal protection.

We conclude the trial court properly denied defendant's section 1172.6 petition because he pled to assault with a semiautomatic firearm, which is an offense not eligible

---

[1]     All further references are to the Penal Code.

[2]     As a part of the plea agreement, the People agreed to dismiss the remaining counts and enhancements. We discuss these dismissed counts and enhancements in detail below.

[3]     Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

for resentencing relief. This conclusion is based on both the plain language and legislative intent behind the statute. Further, we conclude excluding individuals from section 1172.6 relief who were not convicted of murder, attempted murder, or manslaughter, but rather convicted of a lesser offense does not violate equal protection.

## PROCEDURAL BACKGROUND[4]

On November 18, 2015, the Fresno County District Attorney filed an information charging defendant with attempted murder (§§ 187, subd. (a), 664, count 1) and alleged firearm (§ 12022.53, subds. (d), (e)(1)) and gang enhancements (§ 186.22, subd. (b)(1)); assault with a semiautomatic firearm (§ 245, subd. (b), count 2) with personal use of a firearm (§ 12022.5, subd. (a)), great bodily injury (§ 12022.7, subd. (a)), and gang enhancements (§ 186.22, subd. (b)(1)); and participation in a criminal street gang (§ 186.22, subd. (a), count 3).

On March 16, 2016, defendant pled guilty to assault with a semiautomatic firearm (§ 245, subd. (b), count 2) and admitted the firearm (§ 12022.5, subd. (a)), great bodily injury (§ 12022.7, subd. (a)), and gang (§ 186.22, subd. (b)(1)) enhancements. As a part of the plea agreement, the People dismissed both the attempted murder (§§ 187, subd. (a), 664, count 1) and gang participation (§ 186.22, subd. (a), count 3) charges, along with their enhancements, and agreed to a 20-year lid. As to count 2, the trial court sentenced defendant to the middle term of six years, a consecutive middle term of four years for the firearm enhancement (§ 12022.5, subd. (a)), and a consecutive 10-year term for the gang enhancement (§ 186.22, subd. (b)(1)). The court stayed the three-year term for the great bodily injury enhancement (§ 12022.7, subd. (a)) pursuant to section 654. The total aggregate term imposed was 20 years.

---

**4** The underlying facts of this case are irrelevant to our resolution of the issues presented in this appeal. We therefore will not summarize the facts.

3.

On April 29, 2022, defendant, in propria persona, filed a petition for resentencing pursuant to section 1172.6. In the form petition, defendant stated he was convicted of murder, attempted murder, or manslaughter following a trial *or* he accepted a plea offer in lieu of a trial at which he could have been convicted of murder or attempted murder. Further, defendant requested the trial court appoint counsel to represent him.

On May 17, 2022, the trial court appointed counsel for defendant and set the matter for a hearing. The People then filed an opposition to the petition, arguing defendant was ineligible for resentencing because he "pled to a lesser charge and was not convicted of murder, attempted murder, or manslaughter."

On August 22, 2022, after considering the petition, the People's opposition, and hearing argument from both parties, the trial court denied the petition. Specifically, the court stated the following:

> "Looking at Penal Code [s]ection 1172.6 as referenced by counsel, [subdivision] (a), which essentially sets forth other conditions states, 'A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation, a crime, attempted murder under the natural and probable consequences doctrine or manslaughter may file a petition with the [c]ourt.' And it goes on from there stating, '[w]ith the [c]ourt that sentenced the [defendant] to have the [defendant]'s murder, attempted murder, or manslaughter conviction vacated and be re-sentenced on any remaining counts when all of the following conditions apply:' And then it lists some things, including [subdivision] (2), which [defense counsel] is relying on, but [defendant], I think the plain language of [section] 1172.6[, subdivision] (a) precludes the relief you are requesting. You were not convicted of felony murder or attempted murder or manslaughter. And my reading of this statute is you have to have either been convicted or pled to one of those charges to get relief. You pled to something lesser that's not specifically set out here. And I think that precludes the [c]ourt from granting your request."

A timely appeal followed.

## DISCUSSION

### I.    Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) to amend "the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842–843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[5] (§ 189, subd. (e); accord, *Gentile*, *supra*, 10 Cal.5th at p. 842.)

Finally, the bill added section 1172.6 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, *supra*, 10 Cal.5th at p. 843.) This procedure is available to persons convicted of "felony

---

[5]    Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter."  (§ 1172.6, subd. (a).)

"Section [1172.6] lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the [defendant] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]
>
> "(2) The [defendant] was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the [defendant] could have been convicted of murder or attempted murder[; and]
>
> "(3) The [defendant] could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(1)−(3); see § 1172.6, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959−960.)

Second, the petition shall state, "[w]hether the [defendant] requests the appointment of counsel."  (§ 1172.6, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition.  (§ 1172.6, subd. (b)(2).)  Otherwise, counsel must be appointed, if requested.  (§ 1172.6, subd. (b)(3).)  The prosecutor must file a response and the defendant may file a reply.  The trial court must then hold a hearing to determine if the defendant has made a prima facie showing that he or she is entitled to relief.

(§ 1172.6, subd. (c); accord, *People v. Lewis*, *supra*, 11 Cal.5th at pp. 961−963, 967.)  In making this determination, the court may rely on the record of conviction, (*Lewis*, at pp. 970−971), which includes, but is not limited to, jury instructions and verdict forms. (See generally *id*. at p. 972.)  However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

## II.    <u>Analysis</u>

At the outset, it is undisputed that defendant was *not* convicted of murder, attempted murder, or manslaughter, but rather was convicted of assault with a semiautomatic firearm (§ 245, subd. (b), count 2).  Defendant contends that although he pled to assault with a semiautomatic firearm, he nevertheless is entitled to section 1172.6 resentencing because he entered his plea to avoid a potential attempted murder conviction.  Specifically, he argues section 1172.6's plain language supports relief for defendants who pled to lesser charges when they were originally charged with murder, attempted murder, or manslaughter.  We reject defendant's assertion that section 1172.6 provides a mechanism for challenging a conviction for assault with a semiautomatic firearm, even though he pled in lieu of proceeding to trial on an attempted murder charge. Specifically, our conclusion is based on the plain language of the statute, and as we explain fully below, neither the words of section 1172.6, nor the Legislature's stated purposes support the view the statute applies to an assault with a semiautomatic firearm conviction.  Further, excluding individuals from section 1172.6 relief who were not convicted of murder, attempted murder, or manslaughter, but rather convicted of a lesser offense, does not violate equal protection.

### A. The Plain Language of Section 1172.6 Supports a Finding that Relief is Afforded Only to Defendants with Murder, Attempted Murder, and Manslaughter Convictions.

" 'We conduct a de novo review of questions of statutory interpretation. [Citation.] The fundamental task of statutory interpretation is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] "We begin with the statute's text, assigning the relevant terms their ordinary meaning, while also taking account of any related provisions and the overall structure of the statutory scheme. [Citation.] Essential is whether our interpretation, as well as the consequences flowing therefrom, advances the Legislature's intended purpose. [Citation.]" ' " (*People v. Santos* (2020) 53 Cal.App.5th 467, 473.)

The plain language of section 1172.6 clearly indicates it does not apply to convictions for assault with a semiautomatic firearm because this specific crime is not mentioned in the statute. This is especially significant because the Legislature passed Senate Bill No. 775 (2020−2021 Reg. Sess.) (Senate Bill 775), which took effect on January 1, 2022, amending section 1172.6 in various ways, but most significant for our purposes is an amendment that expressly permits defendants convicted of attempted murder and manslaughter, not just murder, to seek relief.[6] (See Stats. 2021, ch. 551, § 2.) Those crimes had not been identified in the original statute. (See Stats. 2021, ch. 551, § 1(a) ["The Legislature finds and declares that this legislation … [¶] … [c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are permitted the same

---

[6] Prior to the passage of Senate Bill 775, numerous courts interpreted section 1172.6 to not apply to attempted murder convictions because the plain language of the statute stated relief should apply to persons "convicted of felony murder or murder under the natural and probable consequences theory[.]" (Former § 1170.95, subd. (a); see e.g., *People v. Medrano* (Dec. 3, 2019, F068714 & F069260) [nonpub. opn.]; *People v. Munoz* (Sept. 6, 2019, B283921) [nonpub. opn.]; *People v. Lopez* (Aug. 21, 2019, B271516) [nonpub. opn.].) The Legislature altered this legal posture with the passage of Senate Bill 775.

relief as those persons convicted of murder under the same theories."].)  At the time the Legislature added this language, it had the opportunity to extend section 1172.6 relief to nonhomicide convictions, alongside attempted murder and manslaughter, but chose not to do so.  The language of section 1172.6 is unambiguous and therefore does not permit a challenge to a conviction for assault with a semiautomatic firearm.

Although we need not go beyond the express, unambiguous language of the statute, the omission of convictions for assault type crimes is consistent with the Legislature's overall purpose in enacting Senate Bills 1437 and 775, which is to ensure with certain exceptions related to felony murder that "a conviction for murder requires that a person act with malice aforethought[,]" and that "culpability for murder [is] premised upon that person's own actions and subjective mens rea."  (Stats. 2018, ch. 1015, § 1(g).)  As noted above, Senate Bill 1437 added section 1172.6 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life" (Stats. 2018, ch. 1015, § 1(f)), and thus, amended sections 188 and 189 to accomplish this goal.  Subsequently, Senate Bill 775 amended section 1172.6 to clarify that relief is also available for certain attempted murder and manslaughter convictions.  (Stats. 2020, ch. 551, § 1(a).)  Nothing in the legislative histories of either Senate Bill 1437 or Senate Bill 775 evinces a legislative intent to lessen the penalty for convictions for assault with a semiautomatic firearm under any circumstances.  This is because the Legislature was concerned with an individual who was convicted of murder, attempted murder, or manslaughter, who did not have the requisite intent to kill *or* was not a major participant in the underlying felony.  Accordingly, assault with a semiautomatic firearm was not affected by any of the changes made to section 188 or 189 because assault is a general intent crime (see *People v. Miller* (2008) 164 Cal.App.4th 653, 662), and does not require any form of injury, let

alone a homicide (see *People v. Parrish* (1985) 170 Cal.App.3d 336, 343 [Section 245 "is directed at the force used, and it is immaterial whether the force actually results in any injury. The focus is on force likely to produce great bodily injury."]), and thus, the Legislature was not concerned with this type of crime when enacting Senate Bills 1437 and 775.

Nonetheless, defendant contends the language of section 1172.6 is ambiguous and therefore asks this court to read into the statute availability for relief for an individual who was not convicted of murder, attempted murder, or manslaughter. Specifically, he argues that "[s]ince [defendant] accepted a plea offer to the unlawful killing of a human being, he meets the requirements of being convicted of the unlawful killing of a human being with malice—that is, natural and probabl[e] consequences murder—even though his plea bargain was for a conviction under Penal Code section 245." He argues that to hold otherwise would result in "absurd results."

Defendant specifically directs this court to section 1172.6 subdivision (a)(2) wherein it states, as one of three necessary conditions for eligibility, that "[t]he [defendant] was convicted of murder, attempted murder, or manslaughter following a trial *or accepted a plea offer in lieu of a trial at which the [defendant] could have been convicted of murder or attempted murder*" (§ 1172.6, subd. (a)(2), italics added). He argues this language "would have no effect unless section 1172.6 was interpreted to apply to those who accepted such plea offers" for lesser offenses. We disagree because subdivision (a)(2) does not stand for the proposition that an individual is eligible for relief if he or she pled to a lesser nonhomicide offense, even though they were initially charged with murder, attempted murder, or manslaughter. Subdivision (a)(2)'s purpose is to specify two distinct circumstances in which an individual may be entitled to relief: (1) following a trial in which they were convicted of murder, attempted murder, or manslaughter *or* (2) in the alternative, the individual pled to a murder, attempted murder,

10.

or manslaughter charge instead of proceeding to trial. (§ 1172.6, subd. (a)(2).) Under both circumstances, a murder, attempted murder, or manslaughter conviction is required.

Further, this conclusion is supported when considering section 1172.6, subdivision (a) in its entirety. (See *People v. Murphy* (2001) 25 Cal.4th 136, 142 ["We do not, however, consider the statutory language 'in isolation.' [Citation.] Rather, we look to 'the entire substance of the statute … in order to determine the scope and purpose of the provision.' "].) As subdivision (a) makes clear, the conditions for resentencing, listed in subdivision (a)(1) through (3), do not apply unless the "person [was] convicted of felony murder or murder under the natural and probable consequences doctrine … attempted murder under the natural and probable consequences doctrine, or manslaughter" and that a [defendant] "may file a petition with the court that sentenced the [defendant] to have the [defendant]'s murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts[.]" (§ 1172.6, subd. (a).)

For example, in *People v. Whitson* (2022) 79 Cal.App.5th 22, the court concluded the defendant was ineligible for section 1172.6 resentencing relief, although he was convicted of conspiracy to commit murder. (*Whitson*, at p. 36.) The defendant argued "his conviction for conspiracy to commit murder is an 'other theory under which malice is implied,' such that he is eligible for vacatur and resentencing of the conspiracy conviction as well." (*Id*. at p. 30.) The *Whitson* court disagreed because neither the plain language of section 1172.6, nor the "Legislature's stated purpose support the view that the statute applies to a conspiracy to murder conviction." (*Whitson*, at p. 34.) Specifically, in analyzing the plain language of section 1172.6, the court concluded "[t]he language of section [1172.6] is unambiguous" and thus, "does not permit a challenge to a conviction for conspiracy to murder." (*Whitson*, at p. 35.) Accordingly, the court concluded "that the Legislature did not intend to provide relief from convictions for

11.

conspiracy to murder through the filing of a petition under section [1172.6]." (*Id.* at p. 36.)

Therefore, because the language of section 1172.6 is unambiguous, "we may not broaden … the scope of the provision by reading into it language that does not appear in it[;] … '[o]ur office … "is simply to ascertain and declare" what is in the relevant statute[], "not to insert what has been omitted[.]" ' " (*Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 545.) Similar to what the Legislature did in enacting Senate Bill 775, if in the future it decides an assault with a semiautomatic firearm conviction falls within the confines of resentencing eligibility under section 1172.6, that is its prerogative. However, this court is not going to sidestep the Legislature's power by reading into section 1172.6 new eligible offenses, when it is clear the Legislature purposely excluded certain offenses from resentencing eligibility. Accordingly, the trial court properly concluded defendant was ineligible for section 1172.6 resentencing.

### B.    The Exclusion of Certain Crimes from Section 1172.6 Resentencing Relief Does Not Violate Equal Protection

Defendant further contends that "[f]ailing to extend section 1172.6 relief to those who are convicted not of murder but of a lesser homicide pursuant to a plea agreement to avoid a felony murder conviction violates the equal protection clauses of the state and federal Constitutions." Defendant was *not* convicted of a "lesser homicide," but rather of assault with a semiautomatic firearm, which is a general intent crime and does not require proof of injury. (See *People v. Parrish*, *supra*, 170 Cal.App.3d at p. 343.) Because defendant was not similarly situated with those who are entitled to section 1172.6 relief, we conclude his constitutional rights to equal protection were not violated. (*People v. Morales* (2019) 33 Cal.App.5th 800, 808 ["Generally, offenders who commit different crimes are not similarly situated" for equal protection purposes.]; *People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565 ["[O]nly those persons who are similarly situated are protected from invidiously disparate treatment."].)

12.

Nonetheless, defendant argues "a prisoner who pleaded guilty to assault with a firearm to avoid an attempted murder conviction is similarly situated with a prisoner convicted of [natural and probable consequences] attempted murder where both convictions were obtained before that legislation's effective date and where in neither case could [a natural and probable consequences] murder conviction now be obtained under the law." Therefore, he claims to provide section 1172.6 relief for attempted murderers, but to deny it to those who commit the serious offense of assault with a semiautomatic firearm frustrates equal protection.

When the Legislature reforms one area of the law, it is not required to reform other areas of the law. (*Kasler v. Lockyer* (2000) 23 Cal.4th 472, 488.) It may elect to make reforms " ' "one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." ' " (*Ibid*.) Here, the legislative focus was centered on the unfairness of the felony-murder rule and the natural and probable consequences doctrine. The Legislature could rationally decide to change the law in this area and not be currently concerned with crimes not involved with that rule. (*Ibid*.) It also could reasonably decide that the punishment for assault with a semiautomatic firearm was appropriate, but the punishment for murder, attempted murder, and manslaughter could be excessive and reform was only needed there. (*Williams v. Illinois* (1970) 399 U.S. 235, 241 ["A State has wide latitude in fixing the punishment for state crimes."].) The decision to not include the crime of assault with a semiautomatic firearm in section 1172.6 falls within the Legislature's "line-drawing" authority as a rational choice that is not constitutionally prohibited. (*People v. Chatman* (2018) 4 Cal.5th 277, 283; see also *Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 887 [A classification is not arbitrary or irrational simply because it is " ' "underinclusive." ' "]; *People v. Turnage* (2012) 55 Cal.4th 62, 74 ["A criminal defendant has no vested interest ' "in a specific term of imprisonment or in the designation [of] a particular crime [he or she] receives." ' "].) Accordingly, the Legislature's decision to exclude resentencing relief

13.

from individuals convicted of assault with a semiautomatic firearm did not violate defendant's constitutional rights to equal protection.

## **DISPOSITION**

The order denying defendant's section 1172.6 petition is affirmed.